JUDGE SULLIVAN

**FITAPELLI & SCHAFFER, LLP**
Joseph A. Fitapelli
Brian S. Schaffer
Eric J. Gitig
Frank Mazzaferro
475 Park Avenue South, 12th Floor
New York, New York 10016
Telephone: (212) 300-0375

# 12 CV 8477

## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

RECEIVED
NOV 20 2012
U.S.D.C. S.D. N.Y.
CASHIERS

| | |
|---|---|
| CISSE DIOMBERA, on behalf of herself and all others similarly situated,<br><br>        **Plaintiff,**<br><br>-against-<br><br>THE RIESE ORGANIZATION, INC., 1552-TGI, INC., TAFT FRIDAY 50TH ST. LLC, 677 LEX TGI, INC., GOURMET MANAGEMENT CORP., 484 8TH OPERATING INC., 47 REALOPP CORP., NATIONAL 42ND STREET REALTY, INC., NO. 604 FIFTH AVENUE RESTAURANT, INC., UNION SQUARE OPERATING, INC.,<br><br>        **Defendants.** | **CLASS ACTION COMPLAINT** |

Plaintiff Cisse Diombera ("Plaintiff"), individually and on behalf of all others similarly situated, as class representative, upon personal knowledge as to herself, and upon information and belief as to other matters, alleges as follows:

## NATURE OF THE ACTION

1.　　This lawsuit seeks to recover minimum wages, overtime compensation, spread-of-hours pay, call-in pay, unlawful deductions, and other wages for Plaintiff and her similarly situated co-workers – servers, bussers, runners, bartenders, barbacks, and other "tipped workers" – who work or have worked at T.G.I. Friday's in Manhattan (collectively "Fridays").

2.      Fridays is owned and/or operated by The Riese Organization, Inc. ("Riese") at the following locations:

- 1552 Broadway, New York, New York 10036

- 761 7th Avenue, New York, New York 10019

- 677 Lexington Avenue, New York, New York 10022

- 2 Penn Plaza, New York, New York 10001 (Pennsylvania Station)

- 1 Penn Plaza, 7th Avenue Terminal, New York, New York 10001 (Pennsylvania Station)

- 484 8th Avenue, New York, New York 10001

- 47 Broadway, New York, New York 10004

- 47 East 42nd Street, New York, New York 10017

- 604 5th Avenue, New York, New York 10020

- 34 Union Square East, New York, New York 10003

3.      With over 75 restaurants in Manhattan, including, Friday's, Tim Hortons, Pizza Hut, and KFC, Riese is one of the largest restaurant management companies in New York City. Along with the operation of its well-known franchise brands, Riese has spearheaded its own restaurant concepts such as Tequilaville, Lindy's, and Tad's Steaks, and operates such facilities throughout the New York City area.  Additionally, Riese is one of the largest private employers in New York City employing over 2,000 employees.  Information for all Riese restaurants and a corporate history can be found on the company's website: http://rieserestaurants.com/.

4.      To date, Riese has owned and/or operated 10 Fridays in New York City.

5.      Fridays maintains a policy and practice whereby tipped workers are unlawfully paid less than the full minimum wage rate for the hours they work.

6.      Throughout the duration of her employment, Defendants required Plaintiff to spend a substantial amount of time performing non-tip producing "side work" including, but not limited to, cleaning, polishing, sanitizing, cutting fruit, refilling condiments, replenishing the bar, and rolling silverware.  As a result of this practice, Plaintiff spent in excess of twenty percent (20%) of her time at work engaged in a non-tipped capacity.  During these periods, Plaintiff was compensated at the tipped minimum wage rate, rather than the full minimum wage rate.

7.      Fridays maintains a policy and practice whereby tipped workers are encouraged to work off the clock.  For example, Plaintiff was often told to punch out and continue her closing "side work" while waiting for her tip out sheets to be completed by management.  As a result of this practice, Plaintiff was not paid for all of the hours she worked.  Moreover, Fridays' managers were aware that Plaintiff was working off the clock, as tipped workers at Fridays cannot punch in/out of the time keeping system without the assistance of a manager.

8.      Fridays maintains a policy and practice whereby unlawful deductions are made from tipped workers' paychecks.  For example, Fridays regularly made deductions from Plaintiff's paychecks, including, but not limited to, "MISC DEDUCTIONS."

9.      Plaintiff brings this action on behalf of herself and similarly situated current and former tipped workers who elect to opt-in to this action pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 *et seq.*, and specifically, the collective action provision of 29 U.S.C. § 216(b), to remedy violations of the wage-and-hour provisions of the FLSA by Defendants that have deprived Plaintiff and other similarly situated employees of their lawfully earned wages.

10.     Plaintiff also brings this action on behalf of herself and all similarly situated current and former tipped workers pursuant to Federal Rule of Civil Procedure 23 to remedy violations of the New York Labor Law ("NYLL"), Article 6, §§ 190 *et seq.*, and Article 19, §§

650 *et seq.*, and the supporting New York State Department of Labor Regulations.

## THE PARTIES

### Plaintiff

**Cisse Diombera**

11.     Plaintiff is an adult individual who is a resident of New York, New York.

12.     Plaintiff was employed by Defendants as a server and bartender at Fridays from in or around July 2008 until October 5, 2012.

13.     From in or around July 2008 to August 12, 2012, Plaintiff worked as a server and a bartender at the Fridays located at 1552 Broadway, New York, New York 10036.

14.     From in or around August 20, 2012 to in or around October 5, 2012, Plaintiff worked as a bartender at the Fridays located at 761 7th Avenue, New York, New York 10019.

15.     In or around 2009, Plaintiff also worked as a server for two weeks at the Fridays located at 47 Broadway, New York, New York 10004.

16.     Plaintiff is a covered employee within the meaning of the FLSA and the NYLL.

17.     A written consent form for Plaintiff is being filed with this Class Action Complaint.

### Defendants

18.     Defendants The Riese Organization, Inc., 1552-TGI, Inc., Taft Friday 50th St. LLC, 677 Lex TGI, Inc., Gourmet Management Corp., 484 8th Operating Inc., 47 Realopp Corp., National 42nd Street Realty, Inc., No. 604 Fifth Avenue Restaurant, Inc., and Union Square Operating, Inc. (collectively "Defendants"), jointly employed Plaintiff and similarly situated employees at all times relevant.   Each Defendant has had substantial control over Plaintiff's working conditions, and over the unlawful policies and practices alleged herein.

19.     Defendants are part of a single integrated enterprise that jointly employed Plaintiff and similarly situated employees at all times relevant.

20.     Defendants' operations are interrelated and unified.

21.     During all relevant times, Fridays shared a common management and was centrally controlled and/or owned by Defendants.

**The Riese Organization, Inc.**

22.     Together with the other Defendants, Riese has owned and/or operated the Fridays located at the following locations during the relevant period: 1552 Broadway, New York, New York 10036; 761 7th Avenue, New York, New York 10019; 677 Lexington Avenue, New York, New York 10022; 2 Penn Plaza, New York, New York 10001 (Pennsylvania Station); 1 Penn Plaza, 7th Avenue Terminal, New York, New York 10001 (Pennsylvania Station); 484 8th Avenue, New York, New York 10001; 47 Broadway, New York, New York 10004; 47 East 42nd Street, New York, New York 10017; 604 5th Avenue, New York, New York 10020; 34 Union Square East, New York, New York 10003.

23.     Riese is a domestic business corporation organized and existing under the laws of New York.

24.     Upon information and belief, Riese's principal executive office is located at 560 5th Avenue, New York, New York 10036.

25.     Riese is a covered employer within the meaning of the FLSA and the NYLL, and, at all times relevant, employed Plaintiff and similarly situated employees.

26.     At all relevant times, Riese has maintained control, oversight, and direction over Plaintiff and similarly situated employees, including timekeeping, payroll and other employment practices that applied to them.

27.     Riese applies the same employment policies, practices, and procedures to all tipped workers, including policies, practices, and procedures with respect to payment of minimum wage, overtime compensation, spread-of-hours pay, and call-in pay, and the making of unlawful deductions.

28.     Upon information and belief, at all relevant times Riese's annual gross volume of sales made or business done was not less than $500,000.00.

**1552-TGI, Inc.**

29.     Together with the other Defendants, 1552-TGI, Inc. ("1552") owned and/or operated the Fridays located at 1552 Broadway, New York, New York 10036 during the relevant period.

30.     1552 is a domestic business corporation organized and existing under the laws of New York.

31.     Upon information and belief, 1552's principal executive office is located at 560 5th Avenue, New York, New York 10036.

32.     1552 is a corporate entity that appeared on Plaintiff's paychecks and W-2 forms.

33.     1552 is a covered employer within the meaning of the FLSA and the NYLL, and, at all times relevant, employed Plaintiff and similarly situated employees.

34.     At all relevant times, 1552 maintained control, oversight, and direction over Plaintiff and similarly situated employees, including timekeeping, payroll and other employment practices that applied to them.

35.     1552 applied the same employment policies, practices, and procedures to all tipped workers, including policies, practices, and procedures with respect to payment of minimum wage, overtime compensation, spread-of-hours pay, and call-in pay, and the making of unlawful deductions.

36.     Upon information and belief, at all relevant times, 1552's annual gross volume of sales made or business done was not less than $500,000.00.

**Taft Friday 50th St. LLC**

37.     Together with the other Defendants, Taft Friday 50th St. LLC ("Taft") has owned and/or operated the Fridays located at 761 7th Avenue, New York, New York 10019 during the relevant period.

38.     Taft is a domestic business corporation organized and existing under the laws of New York.

39.     Upon information and belief, Taft's principal executive office is located at 560 5th Avenue, New York, New York 10036.

40.     Taft is an entity that appeared on Plaintiff's paychecks.

41.     Taft is a covered employer within the meaning of the FLSA and the NYLL, and, at all times relevant, employed Plaintiff and similarly situated employees.

42.     At all relevant times, Taft has maintained control, oversight, and direction over Plaintiff and similarly situated employees, including timekeeping, payroll and other employment practices that applied to them.

43.     Taft applies the same employment policies, practices, and procedures to all tipped workers, including policies, practices, and procedures with respect to payment of minimum wage, overtime compensation, spread-of-hours pay, and call-in pay, and the making of unlawful deductions.

44.     Upon information and belief, at all relevant times, Taft's annual gross volume of sales made or business done was not less than $500,000.00.

**677 Lex TGI, Inc.**

45.     Together with the other Defendants, 677 Lex TGI, Inc. ("677 Lex") has owned and/or operated the Fridays located at 677 Lexington Avenue, New York, New York 10022 during the relevant period.

46.     677 Lex is a domestic business corporation organized and existing under the laws of New York.

47.     Upon information and belief, 677 Lex's principal executive office is located at 560 5th Avenue, New York, New York 10036.

48.     677 Lex is a covered employer within the meaning of the FLSA and the NYLL, and, at all times relevant, employed Plaintiff and similarly situated employees.

49.     At all relevant times, 677 Lex has maintained control, oversight, and direction over Plaintiff and similarly situated employees, including timekeeping, payroll and other employment practices that applied to them.

50.     677 Lex applies the same employment policies, practices, and procedures to all tipped workers, including policies, practices, and procedures with respect to payment of minimum wage, overtime compensation, spread-of-hours pay, and call-in pay, and the making of unlawful deductions.

51.     Upon information and belief, at all relevant times, 677 Lex's annual gross volume of sales made or business done was not less than $500,000.00.

**Gourmet Management Corp.**

52.     Together with the other Defendants, Gourmet Management Corp. ("Gourmet") has owned and/or operated the two Fridays located in Pennsylvania Station – specifically 2 Penn Plaza, New York, New York 10001 and 1 Penn Plaza, 7th Avenue Terminal, New York, New York 10001 – during the relevant period.

53.     Gourmet is a domestic business corporation organized and existing under the laws of New York.

54.     Upon information and belief, Gourmet's principal executive office is located at 560 5th Avenue, New York, New York 10036.

55.     Gourmet is a covered employer within the meaning of the FLSA and the NYLL, and, at all times relevant, employed Plaintiff and similarly situated employees.

56.     At all relevant times, Gourmet has maintained control, oversight, and direction over Plaintiff and similarly situated employees, including timekeeping, payroll and other employment practices that applied to them.

57.     Gourmet applies the same employment policies, practices, and procedures to all tipped workers, including policies, practices, and procedures with respect to payment of minimum wage, overtime compensation, spread-of-hours pay, and call-in pay, and the making of unlawful deductions.

58.     Upon information and belief, at all relevant times, Gourmet's annual gross volume of sales made or business done was not less than $500,000.00.

**484 8th Operating Inc.**

59.     Together with the other Defendants, 484 8th Operating Inc. ("484 Operating") has owned and/or operated the Fridays located at 484 8th Avenue, New York, New York 10001 during the relevant period.

60.     484 Operating is a domestic business corporation organized and existing under the laws of New York.

61.     Upon information and belief, 484 Operating's principal executive office is located at 560 5th Avenue, New York, New York 10036.

62.     484 Operating is a covered employer within the meaning of the FLSA and the NYLL, and, at all times relevant, employed Plaintiff and similarly situated employees.

63.     At all relevant times, 484 Operating has maintained control, oversight, and direction over Plaintiff and similarly situated employees, including timekeeping, payroll and other employment practices that applied to them.

64.     484 Operating applies the same employment policies, practices, and procedures to all tipped workers, including policies, practices, and procedures with respect to payment of minimum wage, overtime compensation, spread-of-hours pay, and call-in pay, and the making of unlawful deductions.

65.     Upon information and belief, at all relevant times, 484 Operating's annual gross volume of sales made or business done was not less than $500,000.00.

**47 Realopp Corp.**

66.     Together with the other Defendants, 47 Realopp Corp. ("47 Realopp") has owned and/or operated the Fridays located at 47 Broadway, New York, New York 10004 during the relevant period.

67.     47 Realopp is a domestic business corporation organized and existing under the laws of New York.

68.     Upon information and belief, 47 Realopp's principal executive office is located at 560 5th Avenue, New York, New York 10036.

69.     47 Realopp is a covered employer within the meaning of the FLSA and the NYLL, and, at all times relevant, employed Plaintiff and similarly situated employees.

70.     At all relevant times, 47 Realopp has maintained control, oversight, and direction over Plaintiff and similarly situated employees, including timekeeping, payroll and other employment practices that applied to them.

71.     47 Realopp applies the same employment policies, practices, and procedures to all tipped workers, including policies, practices, and procedures with respect to payment of minimum wage, overtime compensation, spread-of-hours pay, and call-in pay, and the making of unlawful deductions.

72.     Upon information and belief, at all relevant times, 47 Realopp's annual gross volume of sales made or business done was not less than $500,000.00.

**National 42nd St. Realty, Inc.**

73.     Together with the other Defendants, National 42nd St. Realty, Inc. ("National") has owned and/or operated the Fridays located at 47 East 42nd Street, New York, New York 10017 during the relevant period.

74.     National is a domestic business corporation organized and existing under the laws of New York.

75.     Upon information and belief, National's principal executive office is located at 560 5th Avenue, New York, New York 10036.

76.     National is a covered employer within the meaning of the FLSA and the NYLL, and, at all times relevant, employed Plaintiff and similarly situated employees.

77.     At all relevant times, National has maintained control, oversight, and direction over Plaintiff and similarly situated employees, including timekeeping, payroll and other employment practices that applied to them.

78.     National applies the same employment policies, practices, and procedures to all tipped workers, including policies, practices, and procedures with respect to payment of minimum wage, overtime compensation, spread-of-hours pay, and call-in pay, and the making of unlawful deductions.

79.     Upon information and belief, at all relevant times, National's annual gross volume of sales made or business done was not less than $500,000.00.

**No. 604 Fifth Avenue Restaurant, Inc.**

80.     Together with the other Defendants, No. 604 Fifth Avenue Restaurant, Inc. ("No. 604 Fifth") has owned and/or operated the Fridays located at 604 5th Avenue, New York, New York 10020 during the relevant period.

81.     No. 604 Fifth is a domestic business corporation organized and existing under the laws of New York.

82.     Upon information and belief, No. 604 Fifth's principal executive office is located at 560 5th Avenue, New York, New York 10036.

83.     No. 604 Fifth is a covered employer within the meaning of the FLSA and the NYLL, and, at all times relevant, employed Plaintiff and similarly situated employees.

84.     At all relevant times, No.604 Fifth has maintained control, oversight, and direction over Plaintiff and similarly situated employees, including timekeeping, payroll and other employment practices that applied to them.

85.     No. 604 Fifth applies the same employment policies, practices, and procedures to all tipped workers, including policies, practices, and procedures with respect to payment of minimum wage, overtime compensation, spread-of-hours pay, and call-in pay, and the making of unlawful deductions.

86.     Upon information and belief, at all relevant times, No. 604 Fifth's annual gross volume of sales made or business done was not less than $500,000.00.

**Union Square Operating, Inc.**

87.     Together with the other Defendants, Union Square Operating, Inc. ("Union Square") has owned and/or operated the Fridays located at 34 Union Square East, New York, New York 10003 during the relevant period.

88.     Union Square is a domestic business corporation organized and existing under the laws of New York.

89.     Upon information and belief, Union Square's principal executive office is located at 560 5th Avenue, New York, New York 10036.

90.     Union Square is a covered employer within the meaning of the FLSA and the NYLL, and, at all times relevant, employed Plaintiff and similarly situated employees.

91.     At all relevant times, Union Square has maintained control, oversight, and direction over Plaintiff and similarly situated employees, including timekeeping, payroll and other employment practices that applied to them.

92.     Union Square applies the same employment policies, practices, and procedures to all tipped workers, including policies, practices, and procedures with respect to payment of minimum wage, overtime compensation, spread-of-hours pay, and call-in pay, and the making of unlawful deductions.

93.     Upon information and belief, at all relevant times, Union Square's annual gross volume of sales made or business done was not less than $500,000.00.

## JURISDICTION AND VENUE

94.     This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1337 and jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

95.     This Court also has jurisdiction over Plaintiff's claims under the FLSA pursuant to 29 U.S.C. § 216(b).

96.     This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202.

97.     Venue is proper in the Southern District of New York pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claims occurred in this district.

## COLLECTIVE ACTION ALLEGATIONS

98.     Plaintiff brings the First and Second Causes of Action, FLSA claims, on behalf of herself and all similarly situated current and former tipped workers at Fridays in Manhattan, who elect to opt-in to this action (the "FLSA Collective").

99.     Defendants are liable under the FLSA for, *inter alia,* failing to properly compensate Plaintiff and the FLSA Collective.

100.    Consistent with Defendants' policy and pattern or practice, Plaintiff and the FLSA Collective were not paid minimum wages for all hours worked and premium overtime compensation for all hours worked beyond 40 per workweek.

101.    All of the work that Plaintiff and the FLSA Collective have performed has been assigned by Defendants, and/or Defendants have been aware of all of the work that Plaintiff and the FLSA Collective have performed.

102.     As part of its regular business practice, Defendants have intentionally, willfully, and repeatedly engaged in a pattern, practice, and/or policy of violating the FLSA with respect to Plaintiff and the FLSA Collective. This policy and pattern or practice includes, but is not limited to:

(a)     willfully failing to pay its employees, including Plaintiff and the FLSA Collective, minimum wages for all hours worked and premium overtime wages for hours worked in excess of 40 hours per workweek; and

(b)     willfully failing to record all of the time that its employees, including Plaintiff and the FLSA Collective, have worked for the benefit of Defendants.

103.     Defendants' unlawful conduct, as described in this Class Action Complaint, is pursuant to a corporate policy or practice of minimizing labor costs by failing to record the hours employees work.

104.     Defendants are aware or should have been aware that federal law required them to pay employees minimum wage for all of the hours they worked.

105.     Defendants are aware or should have been aware that federal law required them to pay employees performing non-exempt duties an overtime premium for hours worked in excess of 40 per workweek.

106.     Plaintiff and the FLSA Collective perform or performed the same primary duties.

107.     Defendants' unlawful conduct has been widespread, repeated, and consistent.

108.     There are many similarly situated current and former tipped workers who have been underpaid in violation of the FLSA who would benefit from the issuance of a court-supervised notice of this lawsuit and the opportunity to join it.  This notice should be sent to the FLSA Collective pursuant to 29 U.S.C. § 216(b).

109.     Those similarly situated employees are known to Defendants, are readily identifiable, and can be located through Defendants' records.

## CLASS ACTION ALLEGATIONS

110.    Plaintiff brings the Third, Fourth, Fifth, Sixth, Seventh, and Eighth Causes of Action, NYLL claims, under Rule 23 of the Federal Rules of Civil Procedure, on behalf of herself and a class of persons consisting of:

> All persons who work or have worked as tipped workers at Fridays in Manhattan between November 20, 2006 and the date of final judgment in this matter (the "Rule 23 Class").

111.    Excluded from the Rule 23 Class are Defendants, Defendants' legal representatives, officers, directors, assigns, and successors, or any individual who has, or who at any time during the class period has had, a controlling interest in Defendants; the Judge(s) to whom this case is assigned and any member of the Judges' immediate family; and all persons who will submit timely and otherwise proper requests for exclusion from the Rule 23 Class.

112.    The members of the Rule 23 Class are so numerous that joinder of all members is impracticable.

113.    Upon information and belief, the size of the Rule 23 Class is at least 50 individuals. Although the precise number of such employees is unknown, the facts on which the calculation of that number depends are presently within the sole control of Defendants.

114.    Defendants have acted or have refused to act on grounds generally applicable to the Rule 23 Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Rule 23 Class as a whole.

115.    Common questions of law and fact exist as to the Rule 23 Class that predominate over any questions only affecting them individually and include, but are not limited to, the following:

(a)    whether Defendants violated NYLL Articles 6 and 19, and the supporting New York State Department of Labor Regulations;

(b)    whether Defendants failed to pay Plaintiff and the Rule 23 Class minimum wages for all of the hours they worked;

(c)     whether Defendants correctly compensated Plaintiff and the Rule 23 Class for hours worked in excess of 40 hours per workweek;

(d)     whether Defendants failed to provide Plaintiff and the Rule 23 Class spread-of-hours pay when the length of their workday was greater than 10 hours;

(e)     whether Defendants failed to pay Plaintiff and the Rule 23 Class call-in pay on days they reported for duty by request or permission of Defendants, but were not permitted by Defendants to work the full length of their shift;

(f)     whether Defendants made deductions from wages paid to Plaintiff and the Rule 23 Class that were not authorized or required by law;

(g)     whether Defendants failed to keep true and accurate time and pay records for all hours worked by Plaintiff and the Rule 23 Class, and other records required by the NYLL;

(h)     whether Defendants failed to furnish Plaintiff and the Rule 23 Class with an accurate statement of wages, hours worked, rates paid, gross wages, and the claimed tip allowance, as required by the NYLL;

(i)     whether Defendants' policy of failing to pay workers was instituted willfully or with reckless disregard of the law; and

(j)     the nature and extent of class-wide injury and the measure of damages for those injuries.

116.    The claims of Plaintiff are typical of the claims of the Rule 23 Class she seeks to represent.  Plaintiff and all of the Rule 23 Class members work, or have worked, for Defendants as tipped workers at Fridays.  Plaintiff and the Rule 23 Class members enjoy the same statutory rights under the NYLL, including to be paid for all hours worked, to be paid overtime wages, to be paid spread-of-hours pay, to be paid call-in pay, and to not have unlawful deductions taken from their wages.  Plaintiff and the Rule 23 Class members have all sustained similar types of damages as a result of Defendants' failure to comply with the NYLL.  Plaintiff and the Rule 23 Class members have all been injured in that they have been uncompensated or under-compensated due to Defendants' common policies, practices, and patterns of conduct.

117.    Plaintiff will fairly and adequately represent and protect the interests of the members of the Rule 23 Class.  Plaintiff understands that as class representative, she assumes a fiduciary responsibility to the class to represent its interests fairly and adequately.  Plaintiff recognizes that as class representative, she must represent and consider the interests of the class just as she would represent and consider her own interests.  Plaintiff understands that in decisions regarding the conduct of the litigation and its possible settlement, she must not favor her own interests over the class.  Plaintiff recognizes that any resolution of a class action must be in the best interest of the class.  Plaintiff understands that in order to provide adequate representation, she must be informed of developments in litigation, cooperate with class counsel, and testify at deposition and/or trial.  Plaintiff has retained counsel competent and experienced in complex class actions and employment litigation.  There is no conflict between Plaintiff and the Rule 23 members.

118.    A class action is superior to other available methods for the fair and efficient adjudication of this litigation.  The members of the Rule 23 Class have been damaged and are entitled to recovery as a result of Defendants' violations of the NYLL, as well as their common and uniform policies, practices, and procedures.  Although the relative damages suffered by individual Rule 23 Class members are not *de minimis*, such damages are small compared to the expense and burden of individual prosecution of this litigation.  The individual Plaintiff lacks the financial resources to conduct a thorough examination of Defendants' timekeeping and compensation practices and to prosecute vigorously a lawsuit against Defendants to recover such damages.  In addition, class litigation is superior because it will obviate the need for unduly duplicative litigation that might result in inconsistent judgments about Defendants' practices.

119.    This action is properly maintainable as a class action under Federal Rule of Civil Procedure 23(b)(3).

## PLAINTIFF'S FACTUAL ALLEGATIONS

120.    Consistent with their policies and patterns or practices as described herein, Defendants harmed Plaintiff, individually, as follows:

**Cisse Diombera**

121.    Defendants did not pay Plaintiff the proper minimum wages, overtime wages, and spread-of-hours pay for all of the time that she was suffered or permitted to work each workweek.

122.    Throughout the duration of her employment at Fridays, Plaintiff received weekly paychecks from Defendants that did not properly record or compensate her for all the hours that she worked.

123.    At all times relevant, Defendants compensated Plaintiff using the tip credit minimum wage rate, rather than the full minimum wage rate.

124.    Defendants did not provide Plaintiff with notification of the tipped minimum wage or tip credit provisions of the FLSA or the NYLL, or their intent to apply a tip credit to Plaintiff's wages.

125.    Defendants required Plaintiff to perform a substantial amount of non-tipped "side work" in excess of twenty percent (20%) of her time at work.  During these periods, Defendants compensated Plaintiff at the tipped minimum wage rate rather than the full hourly minimum wage rate.

126.    Defendants frequently required Plaintiff to arrive at work before the start of her scheduled shift and begin "side work" while waiting for the manager to clock her in.  At the end of her shift, Defendants often required Plaintiff to clock out and continue closing "side work" while Managers ran tip share reports and distributed tips to employees.  During these periods, Defendants did not compensate Plaintiff for this time.

127.   Defendants suffered or permitted Plaintiff to work over 40 hours per week as a server and bartender, up to a maximum of approximately 50 hours per week.  Defendants did not properly compensate Plaintiff for all of the hours she worked in excess of 40 per workweek.

128.   The overtime premiums Defendants paid Plaintiff for hours worked in excess of 40 per workweek were not calculated at 1.5 times the full minimum wage rate.

129.   Defendants did not pay Plaintiff one additional hour of pay at the basic minimum hourly rate for all of the times that the length of the interval between the beginning and end of her workday – including working time plus time off for meals plus intervals off duty – was greater than 10 hours.

130.   Defendants did not pay Plaintiff call-in pay on days she reported for work by request or permission of Defendants, but was prohibited by Defendants from working the full length of her shift.

131.   Defendants regularly made deductions from Plaintiff's paychecks, including, but not limited to, "MISC DEDUCTIONS."  These deductions were not authorized or required by law, and were not expressly authorized in writing by Plaintiff or for the benefit of Plaintiff.

132.   Defendants did not keep accurate records of wages or tips earned, or of hours worked by Plaintiff.

133.   Defendants failed to furnish Plaintiff with accurate statements of wages, hours worked, rates paid, gross wages, and the claimed tip allowance.

## FIRST CAUSE OF ACTION
### Fair Labor Standards Act – Minimum Wages

134.   Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

135.    Defendants have engaged in a widespread pattern, policy, and practice of violating the FLSA, as detailed in this Class Action Complaint.

136.    At all times relevant, Plaintiff and the members of the FLSA Collective were employed by an entity engaged in commerce and/or the production or sale of goods for commerce within the meaning of 29 U.S.C. §§ 201 *et seq.*, and/or they were engaged in commerce and/or the production or sale of goods for commerce within the meaning of 29 U.S.C. §§ 201 *et seq.*

137.    At all times relevant, Plaintiff and the members of the FLSA Collective were or have been employees within the meaning of 29 U.S.C. §§ 201 *et seq.*

138.    At all times relevant, Defendants have been employers of Plaintiff and the members of the FLSA Collective, engaged in commerce and/or the production of goods for commerce within the meaning of 29 U.S.C. §§ 201 *et seq.*

139.    The minimum wage provisions set forth in the FLSA, 29 U.S.C. §§ 201 *et seq.*, and the supporting federal regulations, apply to Defendants and protect Plaintiff and the members of the FLSA Collective.

140.    Defendants failed to pay Plaintiff and the members of the FLSA Collective the minimum wages to which they are entitled under the FLSA.

141.    Defendants were required to pay directly to Plaintiff and the members of the FLSA Collective the full federal minimum wage rate for all hours worked.

142.    Defendants were not eligible to avail themselves of the federal tipped minimum wage rate under the FLSA, 29 U.S.C. §§ 201 *et seq.*, because Defendants failed to inform Plaintiff and the FLSA Collective of the provisions of subsection 203(m) of the FLSA.

143.    Defendants required Plaintiff and the members of the FLSA Collective to perform a substantial amount of non-tipped "side work" in excess of twenty percent of their time at work.

During these periods, Defendants compensated Plaintiff and the members of the FLSA Collective at the tipped minimum wage rate rather than the full hourly minimum wage rate as required by 29 U.S.C. §§ 201 *et seq.*

144.   Defendants' unlawful conduct, as described in this Class Action Complaint, has been willful and intentional.   Defendants were aware or should have been aware that the practices described in this Class Action Complaint were unlawful.   Defendants have not made a good faith effort to comply with the FLSA with respect to the compensation of Plaintiff and the members of the FLSA Collective.

145.   Because Defendants' violations of the FLSA have been willful, a three-year statute of limitations applies, pursuant to 29 U.S.C. §§ 201 *et seq.*

146.   As a result of Defendants' willful violations of the FLSA, Plaintiff and the members of the FLSA Collective have suffered damages by being denied minimum wages in accordance with the FLSA in amounts to be determined at trial, and are entitled to recovery of such amounts, liquidated damages, prejudgment interest, attorneys' fees, costs, and other compensation pursuant to 29 U.S.C. §§ 201 *et seq.*

## SECOND CAUSE OF ACTION
### Fair Labor Standards Act – Overtime Wages

147.   Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

148.   The overtime wage provisions set forth in the FLSA, 29 U.S.C. §§ 201 *et seq.*, and the supporting federal regulations, apply to Defendants and protect Plaintiff and the members of the FLSA Collective.

149.   Defendants have failed to pay Plaintiff and the members of the FLSA Collective overtime wages for all of the hours that they worked in excess of 40 hours in a workweek.

150.    Defendants' unlawful conduct, as described in this Class Action Complaint, has been willful and intentional.    Defendants were aware or should have been aware that the practices described in this Class Action Complaint were unlawful.  Defendants have not made a good faith effort to comply with the FLSA with respect to the compensation of Plaintiff and the members of the FLSA Collective.

151.    Because Defendants' violations of the FLSA have been willful, a three-year statute of limitations applies, pursuant to 29 U.S.C. §§ 201 *et seq.*

152.    As a result of Defendants' violations of the FLSA, Plaintiff and the members of the FLSA Collective have been deprived of overtime compensation in amounts to be determined at trial, and are entitled to recovery of such amounts, liquidated damages, prejudgment interest, attorneys' fees, costs, and other compensation pursuant to 29 U.S.C. §§ 201 *et seq.*

### THIRD CAUSE OF ACTION
**New York Labor Law – Minimum Wage**

153.    Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

154.    Defendants have engaged in a widespread pattern, policy, and practice of violating the NYLL, as detailed in this Class Action Complaint.

155.    At all times relevant, Plaintiff and the members of the Rule 23 Class have been employees of Defendants, and Defendants have been employers of Plaintiff and the members of the Rule 23 Class within the meaning of the NYLL §§ 650 *et seq.*, and the supporting New York State Department of Labor Regulations.

156.    At all times relevant, Plaintiff and the members of the Rule 23 Class have been covered by the NYLL.

157.    The minimum wage provisions of Article 19 of the NYLL and the supporting New York State Department of Labor Regulations apply to Defendants, and protect Plaintiff and the members of the Rule 23 Class.

158.    Defendants failed to pay Plaintiff and the members of the Rule 23 Class the minimum hourly wages to which they are entitled under the NYLL and the supporting New York State Department of Labor Regulations.

159.    Defendants were required to pay Plaintiff and the members of the Rule 23 Class the full minimum wage at a rate of (a) $6.75 per hour for all hours worked from November 20, 2006 through December 31, 2006; (b) $7.15 per hour for all hours worked from January 1, 2007 through July 23, 2009; and (c) $7.25 per hour for all hours worked from July 24, 2009 through the present, under the NYLL §§ 650 *et seq.* and the supporting New York State Department of Labor Regulations.

160.    Defendants failed to furnish with every payment of wages to Plaintiff and the members of the Rule 23 Class a statement listing hours worked, rates paid, gross wages, and tip allowance claimed as part of their minimum hourly wage rate, in violation of the NYLL and the supporting New York State Department of Labor Regulations.

161.    Defendants required Plaintiff and the members of the Rule 23 Class to perform a substantial amount of non-tipped "side work" in excess of twenty percent of their time at work. During these periods, Defendants compensated Plaintiff and the members of the Rule 23 Class at the tipped minimum wage rate rather than the full hourly minimum wage rate, in violation of the NYLL and the supporting New York State Department of Labor Regulations.

162.    Through their knowing or intentional failure to pay minimum hourly wages to Plaintiff and the members of the Rule 23 Class, Defendants have willfully violated the NYLL, Article 19, §§ 650 *et seq.*, and the supporting New York State Department of Labor Regulations.

163.    Due to Defendants' willful violations of the NYLL, Plaintiff and the members of the Rule 23 Class are entitled to recover from Defendants their unpaid minimum wages, liquidated damages as provided for by the NYLL, reasonable attorneys' fees, costs, and pre-judgment and post-judgment interest.

## FOURTH CAUSE OF ACTION
### New York Labor Law – Unpaid Overtime

164.    Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

165.    The overtime wage provisions of Article 19 of the NYLL and its supporting regulations apply to Defendants, and protect Plaintiff and the members of the Rule 23 Class.

166.    Defendants failed to pay Plaintiff and the members of the Rule 23 Class the proper overtime wages to which they are entitled under the NYLL and the supporting New York State Department of Labor Regulations.

167.    Defendants failed to pay Plaintiff and the members of the Rule 23 Class 1.5 times the full minimum wage rate for hours worked in excess of 40 per workweek.

168.    Defendants have failed to keep, make, preserve, maintain, and furnish accurate records of time worked by Plaintiff and the members of the Rule 23 Class.

169.    Through their knowing or intentional failure to pay Plaintiff and the members of the Rule 23 Class overtime wages for hours worked in excess of 40 hours per workweek, Defendants have willfully violated the NYLL, Article 19, §§ 650 *et seq.*, and the supporting New York State Department of Labor Regulations.

170.    Due to Defendants' willful violations of the NYLL, Plaintiff and the members of the Rule 23 Class are entitled to recover from Defendants their unpaid overtime wages,

liquidated damages as provided for by the NYLL, reasonable attorneys' fees and costs of the action, and pre-judgment and post-judgment interest.

## FIFTH CAUSE OF ACTION
### New York Labor Law – Spread-of-Hours Pay

171.    Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

172.    Defendants failed to pay Plaintiff and the members of the Rule 23 Class additional compensation of one hour's pay at the basic minimum hourly wage rate for each day that the length of the interval between the beginning and end of their workday – including working time plus time off for meals plus intervals off duty – was greater than 10 hours.

173.    Through their knowing or intentional failure to pay Plaintiff and the members of the Rule 23 Class spread of-hours pay, Defendants have willfully violated the NYLL, Article 19, §§ 650 *et seq.*, and the supporting New York State Department of Labor Regulations.

174.    Due to Defendants' willful violations of the NYLL, Plaintiff and the members of the Rule 23 Class are entitled to recover from Defendants their unpaid spread-of-hours wages, liquidated damages as provided for by the NYLL, reasonable attorneys' fees, costs, and pre-judgment and post-judgment interest.

## SIXTH CAUSE OF ACTION
### New York Labor Law – Call-In Pay

175.    Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

176.    Plaintiff and the members of the Rule 23 Class who reported for duty by request of permission of Defendants, but were not permitted by Defendants to work the full length of their shift, whether or not assigned to actual work, were not compensated at the applicable wage rate: (1) for at least three hours for one shift or the number of hours in the regularly scheduled

shift, whichever is less; (2) for at least six hours for two shifts totaling six hours or less, or the number of hours in the regularly scheduled shift, whichever is less; and (3) for at least eight hours for three shifts totaling eight hours or less or the number of hours in the regularly scheduled shift, whichever is less.

177.    Through their knowing or intentional failure to pay Plaintiff and the members of the Rule 23 Class call-in pay, Defendants have willfully violated the NYLL, Article 19, §§ 650 *et seq.*, and the supporting New York State Department of Labor Regulations.

178.    Due to Defendants' willful violations of the NYLL, Plaintiff and the members of the Rule 23 Class are entitled to recover from Defendants their unpaid call-in wages, liquidated damages as provided for by the NYLL, reasonable attorneys' fees, costs, and pre-judgment and post-judgment interest.

### SEVENTH CAUSE OF ACTION
### New York Labor Law – Unlawful Deductions From Wages

179.    Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

180.    Defendants made unlawful deductions from the wages of Plaintiff and the members of the Rule 23 Class.  These deductions included, but were not limited to, "MISC DEDUCTIONS," as indicated on Plaintiff's paychecks.

181.    The deductions made from the wages of Plaintiff and the members of the Rule 23 Class were not authorized or required by law.

182.    The deductions made from the wages of Plaintiff and the members of the Rule 23 Class were not expressly authorized in writing by Plaintiff and the Rule 23 Class, and were not for the benefit of Plaintiff and the Rule 23 Class.

183. Through their knowing or intentional efforts to permit unauthorized deductions from the wages of Plaintiff and the members of the Rule 23 Class, Defendants have willfully violated NYLL, Article 6, §§ 190 *et seq.*, and the supporting New York State Department of Labor Regulations.

184. Due to Defendants' willful violations of the NYLL, Plaintiff and the members of the Rule 23 Class are entitled to recover from Defendants the amounts of any unlawful deductions, liquidated damages as provided for by the NYLL, reasonable attorneys' fees, costs, and pre-judgment and post-judgment interest.

## EIGHTH CAUSE OF ACTION
### New York Labor Law – Recordkeeping Violations

185. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

186. Defendants have willfully failed to supply Plaintiff and the members of the Rule 23 Class notice as required by NYLL, Article 6, § 195, in English or in the language identified by Plaintiff and the members of the Rule 23 Class as their primary language, containing Plaintiff's and the members of the Rule 23 Class' rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; hourly rate or rates of pay and overtime rate or rates of pay if applicable; the regular pay day designated by the employer in accordance with NYLL, Article 6, § 191; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; the telephone number of the employer; plus such other information as the commissioner deems material and necessary.

187. Defendants have willfully failed to supply Plaintiff and the members of the Rule 23 Class with an accurate statement of wages as required by NYLL, Article 6, § 195, containing

the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; hourly rate or rates of pay and overtime rate or rates of pay if applicable; the number of hours worked, including overtime hours worked if applicable; deductions; and net wages.

188.    Through their knowing or intentional failure to provide Plaintiff and the members of the Rule 23 Class with the notices and statements required by the NYLL, Defendants have willfully violated NYLL, Article 6, §§ 190 *et seq.*, and the supporting New York State Department of Labor Regulations.

189.    Due to Defendants' willful violations of the NYLL, Plaintiff and the members of the Rule 23 Class are entitled to recover from Defendants one hundred dollars for each workweek that the violations occurred or continue to occur, or a total of twenty-five hundred dollars, as provided for by NYLL, Article 6, §§ 190 *et seq.*, liquidated damages as provided for by the NYLL, reasonable attorneys' fees, costs, pre-judgment and post-judgment interest, and injunctive and declaratory relief.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, individually, and on behalf of all other similarly situated persons, respectfully requests that this Court grant the following relief:

A.    That, at the earliest possible time, Plaintiff be allowed to give notice of this collective action, or that the Court issue such notice, to all tipped workers who are presently, or have at any time during the six years immediately preceding the filing of this suit, up through and including the date of this Court's issuance of court-supervised notice, worked at Fridays in Manhattan.  Such notice shall inform them that this civil action has been filed, of the nature of the action, and of their right to join this lawsuit if they believe they were denied proper wages;

B.    Unpaid minimum wages, overtime pay, and an additional and equal amount as liquidated damages pursuant to the FLSA and the supporting United States Department of Labor Regulations;

C.    Certification of this case as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure;

D.    Designation of Plaintiff as representative of the Rule 23 Class and counsel of record as Class Counsel;

E.    Issuance of a declaratory judgment that the practices complained of in this Class Action Complaint are unlawful under the NYLL, Article 6, §§ 190 *et seq.*, NYLL, Article 19, §§ 650 *et seq.*, and the supporting New York State Department of Labor Regulations;

F.    Unpaid minimum wages, overtime pay, spread-of-hours pay, call-in pay, unlawful deductions, and other unpaid wages, and liquidated damages permitted by law pursuant to the NYLL and the supporting New York State Department of Labor Regulations;

G.    One hundred dollars for each workweek that the violations of NYLL Article 6 § 195 occurred or continue to occur, or a total of twenty-five hundred dollars, as provided for by NYLL Article 6 § 198(1)-d;

H.    Prejudgment and post-judgment interest;

I.    An injunction requiring Defendants to pay all statutorily required wages and cease the unlawful activity described herein pursuant to the NYLL;

J.    Reasonable attorneys' fees and costs of the action; and

K.    Such other relief as this Court shall deem just and proper.

Dated:      New York, New York
               November 20, 2012

Respectfully submitted,

Joseph A. Fitapelli

**FITAPELLI & SCHAFFER, LLP**
Joseph A. Fitapelli
Brian S. Schaffer
Eric J. Gitig
Frank J. Mazzaferro
475 Park Avenue South, 12th Floor
New York, New York 10016
Telephone: (212) 300-0375

*Attorneys for Plaintiff and
the Putative Class*

- 30 -

## FAIR LABOR STANDARDS ACT CONSENT

1.     I consent to be a party plaintiff in a lawsuit against TGI Fridays and/or related entities and individuals in order to seek redress for violations of the Fair Labor Standards Act, pursuant to 29 U.S.C. § 216 (b).

2.     By signing and returning this consent form, I hereby designate Fitapelli & Schaffer, LLP ("the Firm") to represent me and make decisions on my behalf concerning the litigation and any settlement. I understand that reasonable costs expended on my behalf will be deducted from any settlement or judgment amount on a pro rata basis among all other plaintiffs. I understand that the Firm will petition the Court for attorney's fees from any settlement or judgment in the amount of the greater of: (1) the "lodestar" amount, calculated by multiplying reasonable hourly rates by the number of hours expended on the lawsuit, or (2) 1/3 of the gross settlement or judgment amount. I agree to be bound by any adjudication of this action by a court, whether it is favorable or unfavorable.

_____
Signature

Cisse Diombera
_____
Full Legal Name (Print)

███████████████████████
Address

███████████████████████
City, State          Zip Code

███████████████████████
Telephone Number