**MEMO ENDORSED**

# jackson|lewis
Attorneys at Law

Representing Management Exclusively in Workplace Law and Related Litigation

Jackson Lewis LLP
58 South Service Road
Suite 410
Melville, New York 11747
Tel 631 247-0404
Fax 631 247-0417
www.jacksonlewis.com

ALBANY, NY
ALBUQUERQUE, NM
ATLANTA, GA
AUSTIN, TX
BALTIMORE, MD
BIRMINGHAM, AL
BOSTON, MA
CHICAGO, IL
CINCINNATI, OH
CLEVELAND, OH
DALLAS, TX
DENVER, CO

DETROIT, MI
GREENVILLE, SC
HARTFORD, CT
HOUSTON, TX
INDIANAPOLIS, IN
JACKSONVILLE, FL
LAS VEGAS, NV
LONG ISLAND, NY
LOS ANGELES, CA
MEMPHIS, TN
MIAMI, FL
MILWAUKEE, WI

MINNEAPOLIS, MN
MORRISTOWN, NJ
NEW ORLEANS, LA
NEW YORK, NY
NORFOLK, VA
OMAHA, NE
ORANGE COUNTY, CA
ORLANDO, FL
PHILADELPHIA, PA
PHOENIX, AZ
PITTSBURGH, PA
PORTLAND, OR

PORTSMOUTH, NH
PROVIDENCE, RI
RALEIGH-DURHAM, NC
RICHMOND, VA
SACRAMENTO, CA
SAINT LOUIS, MO
SAN DIEGO, CA
SAN FRANCISCO, CA
SEATTLE, WA
STAMFORD, CT
WASHINGTON, DC REGION
WHITE PLAINS, NY

DIRECT DIAL: (631) 247-4652
EMAIL ADDRESS: BRECHERJ@JACKSONLEWIS.COM

April 4, 2013

```
USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 4-4-13
```

**VIA E-MAIL (SullivanNYSDChambers@nysd.uscourts.gov)**

Honorable Richard J. Sullivan, U.S.D.J.
United States District Court
Southern District of New York
500 Pearl Street, Room 640
New York, New York 10007

       Re: **Diombera, et al. v. The Riese Organization, Inc., et al.**
          **Docket No. 12-cv-8477**

Dear Judge Sullivan:

  We represent the Defendants. We are writing to request permission to submit a memorandum of law in support of Defendants' motion to dismiss that is in excess of the page limit set forth in your Individual Rules (25 pages). We are requesting a 15 page extension. Plaintiffs consent to this request; and Defendants have consented to a similar extension for Plaintiffs, if needed. The extension is necessary because Defendants' motion concerns an issue of first impression in this Circuit, as discussed in the parties' pre-motion conference letters. Additionally, as set forth below, Defendants request permission to address two additional grounds in the motion, to which Plaintiffs do not consent. Defendants' motion to dismiss is due April 12, 2013 and oral argument is scheduled for June 14, 2013. This is the first request for an extension of the page limit.

  During the parties' mediation, it was clear Plaintiffs seek several million dollars of damages for, among other things, the alleged failure to provide notice of the tip credit to employees under New York Labor Law. But notice was not required under the NYLL until January 1, 2011, the effective date of the 2011 Hospitality Wage Order. 12 NYCRR § 146. Plaintiffs disagree, and argue that notice was required. It is, therefore, a question of law that should be resolved on a motion to dismiss. And an order from the Court resolving this issue will substantially advance this litigation. Thus, Defendants request permission to move to dismiss Plaintiffs' claim that Defendants cannot utilize the "tip credit" under NYLL prior to January 1, 2011 because Defendants did not provide notice to employees regarding use of the tip credit.

  It should be noted that Defendants deny notice was not provided, but, as stated, it is irrelevant, since prior to January 1, 2011, notice of the tip credit was not required as a condition for taking the tip credit. *Compare* 12 NYCRR § 146-1.3 [2011 Wage Order, requiring notice]; *with* 12 NYCRR § 137-1.5 [2009 Wage Order, *superseded*, containing no notice requirement];



Hon. Richard J. Sullivan, U.S.D.J.
United States District Court
April 4, 2013
Page 2

*see also Azkour v. Little Rest Twelve, Inc.*, 2012 U.S. Dist. LEXIS 42210 (S.D.N.Y. Mar. 27, 2012) (Sullivan, J) (adopting Report and Recommendation identifying notice as a requirement under federal law, not state law); *Jin v. Pacific Buffet House, Inc.*, 2009 U.S. Dist. LEXIS 74901 at *10-12 (E.D.N.Y. August 24, 2009).[1]

Additionally, we request permission to strike/dismiss Plaintiffs' 'off-the-clock" class claim in light of the Supreme Court's decision last week in *Comcast Corp. v. Behrend*, 569 U.S. __ 2013, 2013 U.S. LEXIS 2544 (Mar. 27, 2013). In *Comcast*, the Supreme Court significantly limited the types of cases that may be brought as class actions. Specifically, the Court held "under the proper standard for evaluating certification [under Rule 23(b)(3)]," a plaintiff is required to demonstrate that "damages are capable of measurement on a classwide basis" and that class claims cannot survive where "questions of individual damage calculations . . . overwhelm questions common to the class." *Id.* at *14. The Complaint fails to allege any facts establishing that it is plausible that damages for Plaintiffs' "off-the-clock" claim could be determined on classwide basis. Instead, as in *Comcast,* the damages will require individualized inquiry (*i.e.*, how much time each person in the purported class of almost 3,000 employees worked while they were allegedly not punched in), and therefore cannot satisfy Rule 23(b)(3)'s predominance requirement. Notably, two days after the Supreme Court's decision, a district court in the Northern District of New York refused to grant certification of a wage and hour class action based on *Comcast*. *See Roach v. T.L. Cannon Corp., d/b/a Applebee's*, 2013 U.S. Dist. LEXIS 45373 (N.D. N.Y. Mar. 29, 2013).

While we acknowledge that both *Comcast* and *Roach* were decided at the class certification stage, not the pleadings stage, there is no need to delay a ruling where the Complaint fails to plead any facts that would permit the court to plausibly conclude damages could be determined on a class wide basis. *See Letouzel v. Eastman Kodak Co.*, 2006 U.S. Dist. Lexis 33453, *5-6 (W.D.N.Y. May 25, 2006) ("Although plaintiff has not yet moved for class certification, courts may decide the issue of certification based on a review of the complaint prior to a party's motion to certify the proposed class").

Thank you for your attention to this request.

Defendants and Plaintiffs are each granted an additional five pages for the memoranda in support of and in opposition to Defendants' motion.

Respectfully submitted,

JACKSON LEWIS LLP

Felice B. Ekelman
Jeffrey W. Brecher

---

[1] We are aware some district courts have not always gotten this right, sometimes mixing up the requirements under federal and state law and imposing the federal requirement under New York law, or citing the 2011 Wage Order for periods covering the 2009 Wage Order. But notice was not a condition for taking a tip credit under NYLL until January 1, 2011.

SO ORDERED
Dated: 4/4/13
RICHARD J. SULLIVAN
U.S.D.J.



Hon. Richard J. Sullivan, U.S.D.J.
United States District Court
April 4, 2013
Page 3

JWB/mf
cc: Joseph A. Fitapelli, Esq. (via e-mail)
Brian S. Schaffer, Esq. (via e-mail)
Eric J. Gitig, Esq. (via e-mail)
Frank J. Mazzaferro (via e-mail)

4818-0327-7587, v. 1