UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

CISSE DIOMBERA, YETUNDE AKINMURELE, TELAE MOORE, and CHRISTINE WILLIAMS, on behalf of themselves and all others similarly situated,

          Plaintiffs,

-v-

THE RIESE ORGANIZATION, INC., 1552-TGI, INC., TAFT FRIDAY 50TH ST. LLC, 677 LEX TGI, INC., GOURMET MANAGEMENT CORP., 484 8TH OPERATING INC., 47 REALOPP CORP., NATIONAL 42ND STREET REALTY, INC., NO. 604 FIFTH AVENUE RESTAURANT, INC., UNION SQUARE OPERATING, INC.,

          Defendants.

```
USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 3-10-14
```

12 Civ. 8477 (RJS)(HBP)
ORDER

## ORDER GRANTING PLAINTIFFS' MOTION
## FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT

  1.  Plaintiffs have made application, pursuant to Rule 23(e), Fed. R. Civ. P. and 29 U.S.C. § 216(b), for an order approving settlement in the above entitled action ("the Lawsuit") of the claims alleged, in accordance with a Settlement Agreement (the "Agreement"), which sets forth the terms and conditions for the settlement of the Lawsuit against Defendants and for dismissal of the Lawsuit against Defendants with prejudice upon the terms and conditions set forth therein, and the Court has read and considered the Agreement and the Affirmation of Joseph Fitapelli, Esq. dated February 7, 2014, and exhibits attached thereto;

  2.  On October 21, 2013, this Court issued an order preliminarily approving the proposed settlement agreement and providing for notice of the settlement to the class. Based on its preliminary review, this Court found that the settlement was fair, just, reasonable, and in the best interest of the named plaintiffs and the class as defined in the proposed settlement

agreement. Pursuant to Rule 23(e) of the Federal Rules of Civil Procedure, this Court also scheduled a Fairness Hearing to further discuss the terms of the settlement and to provide an opportunity for any objections to be heard.

3. Counsel for Plaintiffs has advised that no written objections to the settlement have been received and no one appeared at the Fairness Hearing held on February 21, 2014, to voice an objection or otherwise be heard to contest the settlement.

4. The proposed settlement is approved with one modification set forth below. This Court is satisfied that the proposed settlement in this action meets both procedural and substantive fairness.

IT IS HEREBY ORDERED, that this Court has jurisdiction over the subject matter of this litigation, and over all parties to this litigation, including all members of the class.

FURTHER, that for purposes of this ORDER, all terms not otherwise defined herein shall have the same meanings set forth in the Agreement.

FURTHER, The Court certifies the following class under Federal Rule of Civil Procedure 23(e), for settlement purposes ("Settlement Class"):

> All individuals in the Server, Bartender, Runner, Barback, and Busser job classifications between November 20, 2006 and June 30, 2013, that have worked at 10 TGI Friday's in Manhattan owned/operated by Defendants as defined in the Settlement Agreement.

FURTHER, that this Court hereby approves the settlement set forth in the settlement agreement and finds that the settlement is, in all respects, fair, reasonable, adequate and in the best interests of the Plaintiffs and the class members in accordance with Rule 23(e) of the Federal Rules of Civil Procedure, and directs implementation of all its terms and provisions, with one modification. As stipulated by the parties, if the percentage of class members who cash their checks does not exceed 50%, the payments for these class members would not revert to

Defendants until one year after the check is issued, and class members who did not cash their settlement checks can request that the Settlement Administrator reissue the check, except that any check that is not cashed within one year of the original mailing shall revert to Defendants. This modification is for the benefit of Plaintiffs, and it was added to address a concern articulated by the Court during the Fairness Hearing on February 21, 2014.

FURTHER, that Plaintiffs and all other class members who have not properly and timely exercised their opt-out rights in this lawsuit are hereby conclusively deemed to have released or discharged Defendants from, and are permanently enjoined and barred from asserting, either directly or indirectly, against Defendants, any and all claims released in the settlement agreement. All such matters are hereby finally concluded, terminated and extinguished.

FURTHER, the Court approves the settlement of all claims brought under the Fair Labor Standards Act, 29 U.S.C. §201 et seq. The settlement reflects a reasonable compromise over contested issues involving a bona fide dispute.

FURTHER, that the notice given to the members of the class fully and accurately informed the members of the class of the proposed settlement, was the best notice practicable under the circumstances, and constituted valid, due and sufficient notice to all members of the class complying fully with Rule 23 of the Federal Rules of Civil Procedure and the United States Constitution.

FURTHER, that the Settlement Claims Administrator is directed to distribute settlement funds to the class members, including the Service Awards and satisfy the employer obligations to pay all employer taxes and withholdings on the settlement amount from the Qualified Settlement Fund, all in accordance with the terms of the Settlement Agreement;

FURTHER, the Claims Administrator will distribute the funds in the settlement account by making the following payments in the order below:

  a. Paying Class Counsel one-third of the fund ($952,233.33);
  b. Reimbursing Class Counsel for litigation costs and expenses;
  c. Paying the Claims Administrator's fee;
  d. Paying the service awards of $10,000 each to the named Plaintiffs; and
  e. Paying the remainder of the fund to Qualified Class Members in accordance with the allocation plan described in the Settlement Agreement.

5. The Court retains jurisdiction over this action for the purpose of enforcing the Settlement Agreement and overseeing the distribution of settlement funds. The parties shall abide by all terms of the Settlement Agreement, which are incorporated herein, and this Order.

SO ORDERED.

Dated:   March 7, 2014
         New York, New York

RICHARD J. SULLIVAN
UNITED STATES DISTRICT JUDGE